STATE of Missouri, Respondent,

v.

Rita VERGE, Appellant.

No. WD 38184.

Missouri Court of Appeals, Western District.

June 2, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1987.

Application to Transfer Denied Oct. 13, 1987.

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Deborah L. Ground, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and PRITCHARD and TURNAGE, JJ.

424

PRITCHARD, Judge.

By the verdict of a jury, appellant was found guilty of the Class C felony of stealing property of a value over $150.00, and was sentenced to 60 days imprisonment in the Clay County, Missouri, jail.

Since the sufficiency of the evidence to sustain the conviction is not questioned, suffice it to say that appellant and her sister entered the K–Mart store on May 14, 1985, where they removed clothing from racks, and placed it inside a purse, and also removed and concealed two hats. The two went out the store front into the parking lot without making any purchases, and were there apprehended. The property was determined to have a value of $182.62.

The sole point presented is that the trial court erred in refusing an instruction, MAI–CR 2d 2.50, on the subject of appellant's good character. Her sister, Margaret Revels, who was also charged with the same offense, testified that appellant had no knowledge that Revels was going to steal merchandise from K–Mart, and if she had known that, she would not have gone along with Revels. Revels made no reference to appellant's general reputation of good character in the community, thus her testimony is insufficient to require the giving of an instruction on the subject.

Grady Thompson was appellant's co-worker at a company known as R.B. Dumper Tank. He also knew appellant on a personal level, having been engaged to her for about six months before trial. He was asked his opinion as to appellant's reputation for trustworthiness and honesty among the people she had dealt with in her work. He answered that she could handle the situation at hand, whatever it might be at the time, "and getting her work done as well as supervising people to get the work done." Thompson did not testify that he knew of appellant's general reputation for honesty and being a good citizen in the community, so as to give rise to an inference that she was not the type of person to commit the offense. Witness Reverend Scott, appellant's pastor, likewise gave no evidence of her general reputation for honesty and trustworthiness. The personal opinions of Scott and Thompson, based upon specific acts, and merely based upon their personal views and not on general reputation, are immaterial and inadmissible. *State v. Huffman,* 607 S.W.2d 702, 704 (Mo.App.1980). The court did not err in refusing an instruction on the subject.

The judgment is affirmed.

All concur.